U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUL 25 2016

TONY R. MOORE CLERK
BY _____ DEPUTY

a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MUNTU AKILI (#35039-060), Plaintiff | CIVIL ACTION NO. 1:16-CV-655; "P" |
| VERSUS | CHIEF JUDGE DRELL |
| WARDEN M. D. CARVAJAL, Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Muntu Akili (#35039-060) on May 11, 2016. (Doc. 1). Petitioner's motion for leave to proceed *in forma papueris* was denied on June 2, 2016, and his filing fee was received by the Clerk of Court on June 30, 2016. (Doc. 7). Petitioner is an inmate in the custody of the United States Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana. He challenges the calculation of his sentence by the BOP.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### Procedural History

In 1993, Petitioner, who was then known as Darrin Austin, was convicted of possession of cocaine with intent to distribute in the United States District Court for the Northern District of Ohio. See Akili v. Copenhaver, No. 1:14-CV-00371, 2015 WL

590716 (E.D. Cal. Feb. 12, 2015). Petitioner was sentenced to 264 months in prison. Id. On appeal, the Sixth Circuit affirmed the conviction and sentence. Id.

In 1994, a jury in the Northern District of Ohio convicted Petitioner, who was still using the name Darrin Austin, of armed robbery, using a firearm to commit armed bank robbery, conspiracy to commit armed bank robbery, and being a felon in possession of a firearm. Id. The district court sentenced Petitioner to 322 months of imprisonment to run concurrently with his federal sentence for cocaine distribution. Id. On May 15, 1996, the Sixth Circuit affirmed Petitioner's convictions and sentence. United States v. Austin, 81 F.3d 161 (table) (6th Cir. 1996). The Supreme Court denied certiorari on June 24, 1996. See Austin v. United States, 518 U.S. 1026 (1996).

Petitioner has filed numerous applications for relief pursuant to 28 U.S.C. §§ 2255 and 2241 using the names Mtu Akili and Muntu Akili. See Akili, 2015 WL 590716. In the petition before this Court, Petitioner claims that his total term of imprisonment for both federal sentences should be 322 months, not 325 months and 4 days, as determined by the BOP. (Doc. 1, p. 8).

## Law and Analysis

The Attorney General has the responsibility for imprisoning federal offenders, which is administratively carried out by the BOP. See United States v. Wilson, 503 U.S. 329, 331 (1992). For offenses committed after November 1, 1987, federal sentence computation is governed by 18 U.S.C. § 3585. Id. at 332. Section 3585 provides guidelines for calculating a prisoner's sentence:

2

(a) Commencement of sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

Under 18 U.S.C. § 3584(c), multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment.

Petitioner argues that, because the 264-month and 322-month sentences are concurrent, the total term of imprisonment should be 322 months. However, the 264-month sentence was imposed prior to the 322-month sentence, and petitioner began serving that sentence before the later sentence was imposed. The BOP determined that Petitioner's 322-month sentence began running concurrently with the 264-month sentence *as of* November 14, 1994, the date the 322-month sentence was imposed.

A court does not have the authority under § 3585(b) to order a federal sentence to run absolutely concurrently with a prior sentence. See Gotay-Aviles v. Maye, 472 F. App'x 273 (5th Cir. 2010) (citing Flores, 616 F.2d at 841); Natividad v. Haro, 181 F. App'x 499, 500 (5th Cir. 2006) (later-imposed federal sentence ordered to run

3

concurrently with an earlier federal sentence did not begin to run when Petitioner was received in custody on the earlier sentence). That is, under 18 U.S.C. § 3585(a), the earliest date a federal sentence may commence to run is the date it is imposed, even if it is to run concurrent with a previously imposed term. See United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980). Although Petitioner's two sentences are concurrent, they do not have the same start date since the second sentence could not commence prior to the date it was pronounced. Id. ("The sentences could not be concurrent in the sense of having the same starting date because a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.")(citing Wilson v. Henderson, 468 F.2d 582, 584 (5th Cir. 1972).

Because Petitioner's 322-month sentence could not begin to run before it was announced, the sentence commenced on the date it was imposed, not on the date the 264-month sentence was imposed. The aggregate term of Petitioner's sentence includes the later imposed 322-month sentence, plus the time served on the previously imposed federal sentence.

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that the petition for writ of habeas corpus filed pursuant to § 2241 be **DENIED AND DISMISSED**.

Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 25th day of July, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge